# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BRENDA MIDDLETON,

                                 :

        Petitioner,                        Case No. 1:11-cv-748

                                 :        District Judge S. Arthur Spiegel
      -vs-                             Magistrate Judge Michael R. Merz

GININE TRIM, Warden,
 Ohio Reformatory for Woman,

                                 :

        Respondent.

---

# REPORT AND RECOMMENDATIONS

---

This is a habeas corpus case brought *pro se* under 28 U.S.C. § 2254 by Petitioner Brenda

Middleton who seeks release from a sentence of seven years imprisonment in Respondent's custody.

She pleads the following four Grounds for Relief:

> **GROUND ONE:** At the plea hearing on 5/20/10, I pled guilty to 1 count of rape and 1 count of G.S.I. but my attorney added that "with regard to factually what transpired and obviously we've had to make amendment to the rape charge to say there was force, but his Honor understand that wasn't necessarily the case," the trial court answered only that, "I'll take into consideration our discussion in chambers." This discussion was not recorded and preserved for the record. At no time thereafter during this plea colloquy did the trial court address appellant Middleton to ascertain her understanding of the nature of this charge in light of the foregoing exchange between counsel and the court.

> **GROUND TWO:** In addition to the foregoing error set forth in the first issue, the trial court erred when it accepted my guilty plea without personally addressing me and determining that I understood the maximum penalty involved as a consequence of my plea.

1

**GROUND THREE:** When the detective searched our home I was standing by our car so I got looking at the search warrant and it had the wrong social security numbers and at the bottom it even had the wrong names we pointed this out to the detective we were told it was "just a typo" and then placed in cuffs and put in marked vehicles. I asked several times if we were under arrest and I received an "I don't know" from the officer.

**GROUND FOUR:**  While waiting to be questioned at the police station I was placed in the cell next to my husband, who at the time had Stage 4 colon cancer and was in extreme pain, I listened to him scream in pain for over an hour the same detective came and got me to "question" me. He was fully aware of my husband's medical problems when he took me in a room by ourselves then shut the door and locked it. I asked for an attorney 3 times and for something to drink since it had been over 3 hours since being detained. He got aggravated at the end and said "if you give me the statement I want I'll get you a drink, talk to your husband, smoke a cigarette and make sure your husband gets the medical attention he needs." So under extreme duress I wrote what the detective told me to. Then he did most of what he said including audio recording the talk between my husband and I, where under the detective's instruction, he told my husband what to say in his statement so that he could get medical attention.

(Petition, Doc. No. 1.)


**Procedural History**


Petitioner and her husband were jointly indicted by the Butler County Grand Jury on four counts of rape of a minor under thirteen in violation of Ohio Revised Code § 2907.02(A)(1)(b) and four counts of gross sexual imposition in violation of Ohio Revised Code § 2907.05(A)(4), all arising from a prolonged sexual relationship with the same twelve-year-old victim.  The rape counts carried a maximum sentence of life imprisonment.  After plea negotiations, each of them pled guilty to one count of rape under Ohio Revised Code § 2907.02(A)(2) and one count of gross sexual

2

imposition.  Each was sentenced to seven years' imprisonment and $20,000 in fines.

Represented by new counsel, Ms. Middleton appealed to the Butler County Court of Appeals, raising one assignment of error:  "The trial court erred to the prejudice of appellant Brenda Middleton when it accepted a guilty plea that was not knowing, intelligent and voluntary." (Appellant's Brief, Return of Writ, Doc. No. 9, Ex. 8.)  The court of appeals affirmed the conviction and sentence and Ms. Middleton unsuccessfuly sought further review in the Ohio Supreme Court on the same assignment of error.  She then timely filed the instant Petition.  On Order of Magistrate Judge Bowman (Doc. No. 5), to whom this case was originally referred, the Warden filed a Return of Writ (Doc. No. 9).  Petitioner then filed a Response to the Return of Writ (Doc. No. 10).  The case is therefore ripe for decision.

## Analysis

### Grounds One and Two

In her first two Grounds for Relief, Petitioner presents the same claims she made on direct appeal under one assignment of error, to wit, that her guilty plea should be set aside because it was not knowing, intelligent, and voluntary.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770,

785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).  The Butler County Court of Appeals did in fact decide these claims on the merits, holding as follows:

> [*P5]  In her sole assignment of error, appellant argues that the trial court erred by accepting her guilty plea for it was not knowingly, intelligently, and voluntarily entered. We disagree.

> [*P6]  A criminal defendant's choice to enter a guilty plea is a serious decision because, by agreeing to plead guilty, the defendant is giving up several constitutional rights. *State v. Clark*, 119 Ohio St.3d 239, 2008 Ohio 3748, ¶25, 893 N.E.2d 462 ; *State v. Nero* (1990), 56 Ohio St.3d 106, 107, 564 N.E.2d 474; *Boykin v. Alabama* (1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L. Ed. 2d 274. In turn, because the "exchange of certainty for some of the most fundamental protections in the criminal justice system will not be permitted  [**3] unless the defendant is fully informed of the consequences of his or her plea," when a defendant enters a guilty plea in a criminal case, the plea must be knowingly, intelligently, and voluntarily made. *State v. Eberle*, Clermont App. No. CA2009-10-065, 2010 Ohio 3563 ¶6, quoting *Clark,* 119 Ohio St. 3d 239, 2008 Ohio 3748 at ¶26, 893 N.E.2d 462; *State v. Engle*, 74 Ohio St.3d 525, 527, 1996 Ohio 179, 660 N.E.2d 450. The failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution. *State v. Douglass,* Butler App. Nos. CA2008-07-168, CA2008-08-199, 2009 Ohio 3826, ¶9.

> [*P7]  Initially, appellant argues that the trial court erred by accepting her guilty plea because "she did not understand that her plea constituted a complete admission of guilt to rape, as amended." In support of this argument, appellant claims that because she, "through counsel, expressly denied the use or threat of force," an essential element to rape in violation of R.C. 2907.02(A)(2), the trial court erred by accepting her plea without making any further inquiry as to her understanding of the amended rape charge. This argument lacks merit.

> [*P8]  Pursuant to Crim.R. 11(C)(2)(b), prior to accepting a guilty plea  in a felony case, the trial court must address the defendant personally and ensure, among other things, that "the defendant understands the effect of the plea of guilty[.]" *State v. Willenburg*,

Clermont App. No. CA2008-06-066, 2009 Ohio 1454, ¶9. As defined by Crim.R. 11(B)(1), the term "the effect of a guilty plea" is a "complete admission of the defendant's guilt." *State v. Dotson,* Preble App. No. CA2007-11-025, 2008 Ohio 4965, ¶20; *State v. Thomas*, Cuyahoga App. No. 94788, 2011 Ohio 214, ¶31. The right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional, and therefore, "subject to review under a standard of substantial compliance." *State v. Griggs*, 103 Ohio St.3d 85, 2004 Ohio 4415, ¶12, 814 N.E.2d 51. Under this standard, a slight deviation from the text of the rule is permissible, so long as the totality of the circumstances indicates that the defendant subjectively understands the implications of her plea and the rights she is waiving. *State v. Phillips,* Butler App. No. CA2008-05-126, 2009 Ohio 1448, ¶13, citing *Clark*, 119 Ohio St. 3d 239, 2008 Ohio 3748 at 31, 893 N.E.2d 462.

[*P9] In this case, after reaching a plea agreement, appellant, her attorney, and the prosecution all signed a written "Plea of Guilty and Jury Waiver" form. This form explicitly stated that appellant would plead guilty to the amended rape charge in violation of R.C. 2907.02(A)(2), that she "underst[ood] the nature of these charges," and that, by pleading guilty, she understood the court would decide her guilt "based upon a statement by the prosecutor about the evidence which would have been presented at trial."

[*P10] Thereafter, at the joint plea hearing, and upon explaining to appellant and her husband that they would be pleading to an amended rape charge in violation of R.C. 2907.02(A)(2), which, as the trial court stated, "[i]n a nutshell, * * * takes it out of life imprisonment," the following discussion occurred:

[*P11] "THE COURT: Statement of facts, please?

[*P12] " * * *

[*P13] "[THE STATE]: As to [appellant], Your Honor, Count Nine, rape, on a specific instance on an unspecified date occurring between January 1st, 2010, through February 26th, 2010, [appellant] did engage in sexual conduct with another through the use of force, or compulsion of the threat of force constituting the offense of rape, a felony of the first degree in violation of 2907.02 Subsection (A)(2).

[*P14] " * * *

5

[*P15] "THE COURT: All right. [Appellant's trial counsel], anything with respect to the alleged facts on behalf of [appellant]?

[*P16] "[APPELLANT'S TRIAL COUNSEL]: No, Your Honor. His Honor understands-with regard to us asking to incorporate what's been discussed in chambers with the prosecutor * * * and myself with regard to factually what transpired, and obviously we've had to make an amendment to the rape charge to say there was force, but his Honor understands based on the discussions with all the counsel that wasn't necessarily the case, but we just want that to be clear for the record. (Emphasis added.)

[*P17] "THE COURT: I'll take into consideration our discussions in chambers."

[*P18] Following this discussion, the trial court engaged appellant in a colloquy stating, in pertinent part, the following:

[*P19] "THE COURT: Do you understand the difference between a guilty plea and not guilty plea, ma'am?

[*P20] "[APPELLANT]: Yes, I do."

[*P21] The trial court then stated:

[*P22] "THE COURT: Now, [appellant], do you understand that a guilty plea is a complete admission of your guilt and by pleading guilty you are forever waiving your right to a trial and all of your constitutionally guaranteed trial rights?

[*P23] "[APPELLANT]: I do, Your Honor."

[*P24] In addition, when asked by the trial court if she "understood all of the rights" explained to her and if she "wish[ed] to give up or waive all of those rights by pleading guilty," appellant responded affirmatively. The trial court then asked appellant if she had "any questions regarding [her] plea or the consequences of [her] plea," to which she responded "No, Your Honor." The transcript of the plea hearing also indicates that appellant discussed the nature of the charges with her husband and with her attorney prior to entering her guilty plea.

[*P25]  After a thorough review of the record, we find it clear that the trial court properly informed appellant of the effect of her guilty plea as a complete admission of her guilt to the amended charge of rape and that she fully understood the ramifications of making such a plea. See *Dotson* at ¶26; *State v. Sanders* (Mar. 10, 1997), Madison App. No. CA96-01-002, at 3-4, 1997 Ohio App. LEXIS 844; see, also, *State v. Taylor*, Cuyahoga App. No. 94569, 2010 Ohio 5607, ¶4. While appellant now claims that she "expressly denied the use or threat of force," thereby requiring the trial court to make further inquiry regarding her understanding of the amended rape charge, the record clearly indicates that the parties "had to make  an amendment to the rape charge to say there was force" to satisfy the terms of the plea agreement. Accordingly, because the trial court, at minimum, substantially complied, and in this case diligently complied, with the requirements of Crim.R. 11(C)(2)(b) regarding the effect of entering her guilty plea to the amended rape charge, appellant's first argument is overruled.

[*P26]  Next, appellant argues that the trial court erred by accepting her guilty plea because it "did not personally address [her] to determine her understanding regarding the mandatory term of post-release [sic] control supervision[.]" We disagree.

[*P27]  Pursuant to Crim.R. 11(C)(2)(a), prior to accepting a guilty plea in a felony case, the trial court must address the defendant personally and ensure that she comprehends, among other things, the "maximum penalty involved[.]" *State v. Schreiber*, Butler App. No. CA2006-09-237, 2007 Ohio 6030, ¶7. In cases involving a mandatory period of postrelease control, such as the case here, the postrelease control term is part "of the maximum penalty involved in an offense for which a prison term will be imposed." *State v. Mosby*, Cuyahoga App. No. 94676, 2011 Ohio 926, ¶15, quoting *State v. Perry,* Cuyahoga App. No. 82085, 2003 Ohio 6344, ¶10; *State v. McMahon*, Fayette App. No. CA2009-06-008, 2010 Ohio 2055, ¶15. "To uphold a guilty plea, there must be substantial compliance with the Crim.R. 11(C)(2)(a) requirement to disclose the maximum penalties." *State v. Moore*, Clinton App. No. CA2010-02-003, 2010 Ohio 6082, ¶15; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008 Ohio 509, ¶19-26, 881 N.E.2d 1224.

[*P28]  In this case, and contrary to appellant's claim that the trial court "did not personally address [her]," at the joint plea hearing the trial court explicitly stated:

[*P29]  "THE COURT: Do you understand, each of you understand that upon your release from prison you'll be subject to a mandatory five year period of post-release [sic] control?" (Emphasis added.)

[*P30]  After a thorough review of the record, we find it clear that the trial court did personally address appellant in an effort to determine if she understood her postrelease control obligations. Furthermore, while only appellant's husband responded to the trial court's question, the record is devoid of any evidence indicating appellant failed to comprehend her postrelease control obligations or that she was somehow prejudiced as a result. See *State v. Ericson*, Mahoning App. No. 09 MA 109, 2010 Ohio 4315, ¶14,  citing *State v. Veney*, 120 Ohio St.3d 176, 2008 Ohio 5200, ¶15, 897 N.E.2d 621; see, e.g., *State v. Benson*, Cuyahoga App. No. 83178, 2004 Ohio 1677, ¶13; *State v. Fisher*, Montgomery App. No. 23992, 2011 Ohio 629, ¶33 (defendant's failure to make an oral response at plea hearing was not a basis to conclude that he failed to understand the right the court had explained to him). In fact, not only did appellant respond affirmatively when asked if she understood the nature of the charges and sentencing requirements, the "Plea of Guilty and Jury Waiver" form, a form which appellant signed after consulting with her attorney, specifically stated that by pleading guilty to rape she understood that  she would be subject to a mandatory five-year postrelease control term upon her release from prison. *State v. Taylor*, Madison App. No. CA2007-12-037, 2009 Ohio 924, ¶58; see, also, *State v. O'Connor*, Butler App. No. CA2001-08-195, 2002 Ohio 4122, ¶38. Therefore, because the trial court, at minimum, substantially complied, and in this case meticulously complied, with the requirements of Crim.R. 11(C)(2)(a) regarding the maximum penalty involved, appellant's second argument is overruled.

[*P31]  In light of the foregoing,  we find no error in the trial court's decision to accept appellant's guilty plea to rape and gross sexual imposition as such a plea was knowingly, intelligently, and voluntarily entered. Accordingly, because we find no error in the trial court's decision to accept her guilty plea to rape and gross sexual imposition, appellant's single assignment of error is overruled.

*State v. Middleton*, 2011 Ohio 1631, 2011 Ohio App. LEXIS 1431 (Ohio app. 12th Dist. Apr. 4, 2011).

As a matter of federal constitutional law, a plea of guilty or no contest is valid if it is entered

8

voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242-44 (1969); *King v. Dutton,* 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin,* 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984). The determination of whether this plea was intelligently made depends upon the particular facts and circumstances of each case. *Johnson v. Zerbst,* 304 U.S. 458, 463 (1938); *Garcia v. Johnson,* 991 F.2d 324, 326 (6th Cir. 1993).

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).

*Brady v. United States,* 397 U.S. at 755. To ensure that a guilty plea is knowing, intelligent, and voluntary, both the Ohio and the Federal Rules of Criminal Procedure require a colloquy between the court and the defendant at which the court must assure itself that defendant understands the charges, the rights being waived by pleading guilty, and the consequences and possible consequences of the plea. *See* Ohio R. Crim. P. 11, Fed. R. Crim. P. 11.

The factual findings of a state court that a plea was proper, as occurred in this case, are generally presumed to be correct. *Dunn v. Simmons,* 877 F.2d 1275 (6th Cir. 1989), overruled on other grounds by *Parke v. Raley,* 506 U.S. 20 (1992). Whether a guilty or no contest plea is or is not voluntary is a mixed question of fact and law, but state court historical factual findings underlying the determination are entitled to a presumption of correctness under 28 U.S.C. §2254(d). *Parke v. Raley,* 506 U.S. 20 (1992).

Petitioner makes no separate argument in her Petition or Response as to her first two

9

Grounds for Relief, stating instead that she "stands by [Grounds One and Two] as previously presented. I feel confident that when the court reads the evidence it will agree that I did not knowingly plead to all aspects of the charge." (Response, Doc. No. 10, PageID 275.) While Petitioner is not explicit in this Court about what she did not understand, in the court of appeals she claimed she had "through counsel expressly denied the use of threat of force." *State v. Middleton, supra*, at ¶ 7. Petitioner does not offer any record reference to where this denial was made. If she is referring to her not guilty plea to the original indictment, that plea does not amount to a denial of use of force because no use of force was charged.

It is evident from examining the totality of the circumstances, that the plea agreement involved an amendment to charge one count of use of force carrying a maximum sentence of ten years in returning for dismissing four counts of rape of a child under thirteen which would have carried a maximum sentence of life imprisonment. Had the State proceeded to trial on the original indictment, it would not have had to prove use or threat of force, but only the age of the child. Thus Petitioner received a tremendous benefit from the plea agreement.

Moreover, Petitioner admitted in writing in the guilty plea document that she understood the nature of the charges and that the court would decide her guilt based on a statement by the prosecutor about what evidence would have been presented. *Id.* at ¶ 9. The prosecutor then made a statement of facts which included a statement that force or the threat of force had been used. *Id.* at ¶ 13. Petitioner's counsel, although invited to do so, made no objection but acknowledged that the force allegation was necessary to eliminate the potential life imprisonment sentence. *Id.* at ¶ 16. Finally, Petitioner stated that she understood she was making a complete admission of guilt. *Id.* at ¶ 23. In other words, immediately after hearing the prosecutor recite the use of force or threat of force

allegation, she made no protest that that was incorrect.  Petitioner's First Ground for Relief is completely without support in the record.

In her Second Ground for Relief, Petitioner asserts that the trial judge did not personally address her to assure that she understood the maximum penalty for the offenses to which she was pleading guilty.  Because Petitioner states that she stands on the argument made for this Ground for Relief made in state court, this Court assumes she is claiming she was not told about the five-year period of mandatory post-release control attendant upon the charge to which she was pleading.  The verbatim text of the trial court's statement, transcribed in the court of appeals' opinion at ¶ 29, demonstrates that she is incorrect.  The Second Ground for Relief is therefore also without merit.

## Grounds Three and Four

In Ground Three, Petitioner asserts that the search of her home, which presumably yielded some evidence which would have been used against her if the case had gone to trial, was done pursuant to an invalid search warrant and therefore should have been suppressed.  In Ground Four she asserts that her statement given to the police was involuntary because it was induced by depriving her of water and of the attorney she had requested and by playing on her compassion for her husband who was experiencing extreme pain from cancer.

Respondent argues that these claims are procedurally defaulted because they were never presented to the state courts for decision.  Petitioner admits this is true and claims she told her attorney to include these claims, but he did not do so (Response, Doc. No. 10, PageID 275).  She

11

also concedes she did not include them in her appeal to the Ohio Supreme Court because the paperwork she received stated she could only include claims that were heard in the court of appeals. *Id.* at PageID 276.  She also claims her attorney told her the trial judge had denied her motion to suppress and had she known that was not true, she never would have pled out.

We do not have in this case a holding from the Ohio appellate courts that these two claims are barred by Petitioner's failure to present them; obviously a court is not going to rule on a claim not before it.  However, no such statement by a state court is necessary if it is clear that the state court would now hold the claim barred.  *Harris v. Reed*, 489 U.S. 255, 263 n. 9 (1989).  Ohio courts would most probably reach that result for a number of reasons.  First of all, both of these claims were waived by Petitioner's guilty plea and could not have been raised on direct appeal.  *Menna v. New York*, 423 U.S. 61 (1975); *Tollett v. Henderson*, 411 U.S. 258 (1973).  Secondly, if Petitioner now sought to present them, they would be barred by Ohio's criminal *res judicata* doctrine because they were available to Petitioner at the time of her first appeal and not raised then.

Petitioner's reference to a misrepresentation by her attorney about denial of the motion to suppress might be seen as raising ineffective assistance of trial counsel as an excuse for her procedural default.  Attorney error amounting to ineffectiveness can provide excusing cause for a procedural default.  *Murray v. Carrier,* 477 U.S. 478, 494-95 (1986).  However, Petitioner has never presented a claim of ineffective assistance of trial counsel to the state courts and must do so before she can present it as excusing cause in federal habeas corpus.  *Edwards v. Carpenter,* 529 U.S. 446 (2000).

Because Petitioner procedurally defaulted in presenting Grounds Three and Four to the state courts, they should be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit Court of Appeals that any appeal would be objectively frivolous.

July 25, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).